IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. SINCLAIR,<br><br>    Plaintiff,<br>v.<br><br>CONTRA COSTA COUNTY SHERIFF'S OFFICE, et al.,<br><br>    Defendants. | No. C 09-0773 SBA (pr)<br><br>**ORDER OF DISMISSAL** |

Plaintiff Gary R. Sinclair, a state prisoner, has filed the present pro se civil rights action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights while he was in custody at West County Detention Facility (WCDF), and prior to that, while he was at San Quentin State Prison (SQSP). His motion for leave to proceed in forma pauperis has been granted.

Venue is proper in this district because the events giving rise to the action occurred at WCDF and SQSP, both of which are located in this district. See 28 U.S.C. § 1371(b).

**BACKGROUND**

Plaintiff alleges in his complaint that he received inadequate medical attention while at WCDF and SQSP. (Compl. at 3.) On July 24, 2008, August 12, 2008 and August 22, 2008, Plaintiff submitted health care services request forms in which he complained of "a swollen lymphnoid [sic] and pain in the right region on the kneck [sic] area." (Compl. at 3.) In his first two requests, he acknowledged that he had received a biopsy that came back negative. (Compl. Attach., Jul. 24, 2008 SQSP Req.; Aug. 12, 2008 SQSP Req.) In his third request, Plaintiff complained of "having bad neck and back pain." (Compl. Attach., Aug. 22, 2008 SQSP Req.)

On November 6, 2008, two and a half months after he submitted his third request, Plaintiff was transferred from SQSP to WCDF. (Compl. at 3.) Plaintiff alleges that after his transfer he "advised medical staff of [his] health/medical problems, at which time forms were sent to receive medical file[s] from SQSP and CCC @ Susanville, at which time I was advised that an outside appointment would be made." (Id.) Plaintiff did not identify the names of the medical staff he spoke to or the date on which he spoke with them. It is also unclear whether he spoke to medical

staff again after the receipt of his medical files.

On January 31, 2009, Plaintiff submitted a written medical request relating to his "swollen glands and/or lymph nodes in [his] neck that [were] causing him pain . . . ."  (Compl., Attach., Jan. 31, 2009 WCDF Req.)  He notes that "[he] was told [he] was going to go to an outside doctor about 2 weeks before Christmas and it's now beginning Feb. and still no appt."  (Id.)

On February 23, 2009, he filed the instant complaint and requests "immediate medical attention requested with a specialist present" as well as "monetary damages for pain and suffering." (Compl. at 3.)

## DISCUSSION

### I.      Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1), (2).  Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

### II.     Deliberate Indifference

With respect to convicted prisoners, deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).  A "serious"

medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." Id. (citing Estelle v. Gamble, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Prison officials may demonstrate deliberate indifference by denying, delaying or intentionally interfering with medical treatment, or by the way in which they provide medical care. See McGuckin, 974 F.2d at 1062 (delay of seven months in providing medical care during which medical condition was left virtually untreated and plaintiff was forced to endure "unnecessary pain" sufficient to present colorable § 1983 claim).

A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004); Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); see e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); McGuckin, 974 F.2d at 1059 (mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care).

Here, there is no showing that Defendants were deliberately indifferent to Plaintiff's medical needs, either at SQSP or WCDF. Plaintiff indicated on his SQSP health care service requests that he had already received a biopsy of his neck and that the results had come back negative. (Compl. Attach., Jul. 24, 2008 SQSP Req.; Aug. 12, 2008 SQSP Req.) Such disclosure reduces the

likelihood that medical staff would have known that Plaintiff faced a substantial risk of serious harm. Farmer, 511 U.S. at 837.

The alleged violations at WCDF are equally lacking in substantiation. Plaintiff does not provide the date on which he first apprised WCDF medical staff of his concerns with his neck, but even assuming that he informed them immediately upon arrival on November 6, 2008, he waited a mere three months before filing the instant complaint. (Compl. at 3-4.) Indeed, it appears that Plaintiff filed this instant complaint only seventeen days after filing his January 31, 2009 WCDF medical request form. (Compl., Attach., Jan. 31, 2009 WCDF Req.) Furthermore, Plaintiff does not allege that WCDF staff was completely unresponsive after he filed his January 31, 2009 WCDF medical request form. In fact, Plaintiff acknowledges that he received an "informal appeals" response to his request, stating: "Contra Costa County Medical Staff advised that medical file was under review and a[n] outside medical appointment has not yet been scheduled." (Compl. at 2-A.)

The facts do not indicate any deliberate indifference on the part of the named Defendants. Even if such facts revealed that Defendants were delayed in scheduling his medical appointment, such a delay amounts at most to negligence, which is not a constitutional violation. See Toguchi, 391 F.3d at 1060-61. Accordingly, Plaintiff's complaint is DISMISSED because he has failed to state a claim for violation of his constitutional rights under 42 U.S.C. § 1983.[1]

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to state a claim. The Clerk of the Court shall terminate all pending motions and close the file.

IT IS SO ORDERED.

DATED: 11/4/09

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[1] The Court notes that Plaintiff has since returned to SQSP. If Plaintiff has still not been scheduled for the medical appointment he desires, he must first exhaust his administrative remedies at SQSP before refiling another federal civil rights actions with any claims relating to this issue.

P:\PRO-SE\SBA\CR.09\Sinclair0773.dismiss.frm       4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R. SINCLAIR,<br><br>    Plaintiff,<br><br>  v.<br><br>CONTRA COSTA COUNTY SHERIFF et al,<br><br>    Defendant. | Case Number: CV09-00773 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 16, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Gary R. Sinclair F-03908
California State Prison - San Quentin
San Quentin, CA 94974

Dated: November 16, 2009

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.09\Sinclair0773.dismiss.frm               5